IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         NORTHERN DIVISION


REYNAUD CHANDLER                                          PETITIONER

VS.                              CIVIL ACTION NO. 3:13-cv-821(DCB)(MTP)

ARCHIE LONGLEY                                            RESPONDENT


                 ORDER ADOPTING REPORT AND RECOMMENDATION

     This cause is before the Court on the pro se Petition (docket entry 1) of Reynaud Chandler for a Writ of Habeas Corpus under 28 U.S.C. § 2241, and on the Report and Recommendation **(docket entry 14)** of United States Magistrate Judge Michael T. Parker, to which the Petitioner has filed Objections (docket entry 15).  Having carefully considered the Petition, the Magistrate Judge's Report and Recommendation, and the Petitioner's Objections, the Court finds as follows:

     On February 27, 2012, Petitioner Reynaud Chandler, a post-conviction inmate then incarcerated in the Federal Correctional Complex in Yazoo City, Mississippi, filed his Petition alleging that his constitutional rights were violated while he was incarcerated at the United States Penitentiary in Canaan, Pennsylvania.[1]  Specifically, he alleges that his due process rights were violated when he was disciplined for possessing a cell phone.

---

     [1] The Petitioner is currently incarcerated at the Federal Correctional Institution in Terminal Island, California.

The Petitioner claims that classifying cell phones as hazardous tools under Disciplinary Code 108 of 28 C.F.R. Section 541.13 amounted to the issuance of an invalid substantive rule because it was not issued in accordance with the Administrative Procedure Act ("APA")'s notice-and-comment procedures.  He also claims that the Bureau of Prisons failed to provide sufficient notice that cell phones qualified as hazardous tools under Section 541.13.

The Respondent filed his Response arguing (1) that the Petitioner failed to exhaust his administrative remedies regarding his claim that classifying cell phones as hazardous tools ran afoul of the APA, and (2) that the Bureau's interpretation of a cell phone as a hazardous tool is a valid interpretative rule under the APA.

In his Report and Recommendation, Magistrate Judge Parker finds that the Petitioner failed to exhaust his administrative remedies.  He also finds that the Petitioner's claim fails on the merits because interpretive rules are not subject to the APA's notice-and-comment procedure.

As for the Petitioner's claim that the Bureau failed to provide sufficient notice that cell phones qualified as hazardous tools under Section 541.13, Magistrate Judge Parker finds the argument to be without merit.  At the time of the Petitioner's violation, Section 541.13 prohibited the "[p]ossession,

manufacture, or introduction of a hazardous tool (tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g. hack-saw blade)." The Fifth Circuit has held that this regulation provided fair notice that a cell phone constitutes a hazardous tool. Evans v. Martin, 496 Fed.App'x. 442, 444 (5th Cir. 2012)("it is clear that an unauthorized cell phone falls within the definition of a hazardous tool because a cell phone can be used to plan an escape or to undermine safety and security"). "[A] person of ordinary intelligence would realize that a regulation prohibiting any item that would enable an escape attempt, undermine security, or threaten personal safety includes a cell phone." Id. at 446.

Magistrate Judge Parker therefore recommends that Chandler's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 be denied. The Court has reviewed the Petitioner's Objections and finds nothing therein that would warrant a departure from the Report and Recommendation.

The Court finds the petitioner's objections to be without merit and adopts the magistrate judge's findings of fact and conclusions of law. The Court shall therefore deny the relief sought in the Petition for Writ of Habeas Corpus and dismiss this case with prejudice.

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation **(docket entry 14)** of Magistrate Judge Michael T. Parker is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DENIED with prejudice.

A final judgment in accordance with this Order will be issued this date.

SO ORDERED, this the 10th day of December, 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE